J-A05020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JEREL GANNT :
:
Appellant : No. 875 MDA 2021

Appeal from the Judgment of Sentence Entered June 1, 2021,
in the Court of Common Pleas of Huntingdon County,
Criminal Division at No(s): CP-31-CR-0000618-2018.

BEFORE: OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED: MAY 23, 2022**

Jerel Gannt appeals from the judgment of sentence imposed after he entered a plea of *nolo contendere* to aggravated harassment by prisoner.[1] Upon review, we affirm.

Briefly, this matter arises from the following facts. On July 24, 2018, Gannt was serving a sentence at SCI Smithfield for an unrelated crime. While a correctional officer ("CO") was taking Gannt to shower, he told him to remove the hair pick in his beard as he was not allowed to take it to the shower. When he refused, the CO reached for it and Gannt started to pull away from him. The CO put him on the floor to maintain control of Gannt.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2703.1.

When Gannt calmed down and got to his feet, he spit directly in the CO's face. Gannt was charged with aggravated harassment by a prisoner.

While his harassment charges were pending, Gannt completed the maximum term of the sentence he was serving and was released from custody on May 6, 2020. Months later, the trial court scheduled a pre-trial conference for Gannt's harassment case on December 3, 2020, but he failed to appear. The trial court issued a warrant for his arrest. After a hearing, the court vacated the warrant and released Gannt from custody.

On April 8, 2021, Gannt pled *nolo contendere* to the harassment charge. On June 1, 2021, the court sentenced Gannt to 24 to 48 months of incarceration but deferred his start date for 30 days so he could receive medical treatment.

On June 25, 2021, Gannt filed a post-sentence motion,[2] which the trial court scheduled for argument on August 3, 2021. Before the argument could take place and the court could rule on it, Gannt filed this timely appeal on June 30, 2021.

On appeal, Gannt raises a single issue for our review challenging the discretionary aspects of his sentence. Specifically, Gannt claims that his sentence was excessive since he successfully reintegrated into society for more than a year following his release, unsupervised, and had no incident for roughly three years after he spit in the CO's face. Rather than a lengthy prison

---

[2] This motion was untimely as it was filed more than 10 days after imposition of Gannt's sentence. Pa.R.Crim.P. 720(A)(1).

sentence, the court should have sentenced him to probation. Gannt's Brief at 8.

Before reaching the merits, we observe, as the trial court did, that Gannt filed his Rule 1925(b) statement beyond the 21 days set forth in the court's order. As a result, Gannt's appellate issue is waived. *See Commonwealth v. Castillo*, 888 A.2d 775, 776, 779-80 (Pa. 2005) (holding that claims raised in an untimely Rule 1925(b) statement are waived on appeal). However, pursuant to Rule 1925(c)(3),

> [i]f an appellant represented by counsel in a criminal case was ordered to file a Statement and failed to do so or filed an untimely Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3); *Commonwealth v. Burton*, 973 A.2d 428 (Pa. Super. 2009) (*en banc*). However, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal. If the trial court did not have an adequate opportunity to do so, remand is proper. *Id.* at 433.

While the late filing in this case constitutes *per se* ineffectiveness, the trial court was able to address Gannt's sentencing claim in its Rule 1925(a) opinion, albeit briefly. Trial Court Opinion, 8/19/21, at 1. Consequently, remand is not warranted here. *Burton*, 973 A.2d at 433. Accordingly, we will consider the merits of the issue presented on appeal.

Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). To invoke this Court's jurisdiction to review an appellant's challenge to the sentencing court's discretion, the appellant must, *inter alia*, properly preserve the issue at sentencing or in a motion to reconsider and modify the sentence. *Id.*

Here, Gannt did not challenge the sentencing court's exercise of discretion at the hearing. And, although Gannt filed a post-sentence motion, it was untimely. "An untimely post-sentence motion does not preserve issues for appeal." *Commonwealth v. Wrecks*, 931 A.2d 717, 719-20 (Pa. Super. 2007). As a result, we do not reach the merits of Gannt's challenge to the discretionary aspects of his sentence. But, even if we were to consider Gannt's sentencing claim, we would conclude that the trial court did not abuse its discretion in sentencing Gannt.[3]

---

[3] Our standard of review of a sentencing claim is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

As the trial court noted, in sentencing Gannt, the trial court had a pre-sentence investigation report and considered it. Trial Court Opinion, 8/19/21, at 1. "[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted).

Furthermore, the trial court observed that, based upon a prior record score of 5 and an offense gravity score of 6 for aggravated harassment by prisoner, the sentencing guidelines recommended a standard minimum range sentence of 21-27 months. Trial Court Opinion, 8/19/21, at 1. The trial court sentenced Gannt in the middle of that range. **Id.** Where a sentence is within the standard range of the guidelines and the court had the benefit of PSI, the sentence is appropriate and reasonable. **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010).

Lastly, our review of the sentencing transcript reveals that counsel highlighted Gannt's progress for the trial court. Gannt himself explained to the court that he has worked to become a productive member of society since he was released from jail. N.T., 6/1/21, at 2-6. However, these factors evidently were insufficient to convince the court to give Gannt a lesser sentence, particularly considering his criminal record and that he served the maximum time under his previous sentence, *i.e.*, he was not paroled. **Id.** at 6. On appeal, "[w]e cannot re-weigh the sentencing factors and impose our

judgment in place of the sentencing court." ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa. Super. 2009).

Therefore, if Gannt preserved the issue, we would conclude that the trial court did not abuse its discretion in sentencing Gannt.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/23/2022